SULAIMAN LAW GROUP, LTD.
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. MOLINA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL MANAGEMENT SERVICES, LP,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

NOW comes RAYMOND E. MOLINA, ("Plaintiff"), by and through the undersigned attorney, on behalf of himself and all others similarly situated, complaining as to the conduct of CAPITAL MANAGEMENT SERVICES, L.P. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1

1. Plaintiff brings this action for damages on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in North Highlands, California, which lies within the Eastern District of California.

5. Defendant is a third party debt collector claiming to be a "nationally licensed collection agency."[1] Defendant is a limited partnership organized under the laws of

---

[1] https://cms-collect.com/

2

the state of Delaware with its principal place of business located at 698 1/2 South Ogden Street, Buffalo, New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a purported consumer obligation ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from Plaintiff's purported past due payments said to be owed in connection with a personal line of credit Plaintiff was issued by Discover Financial Services, LLC ("Discover") associated with account number ending in 7431.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off by Discover and placed with Defendant for collection purposes, who in turn attempted to collect upon the subject debt.

10. Defendant sent three collection letters to Plaintiff, from October through December 2021, attempting to collect upon the subject debt.

11. Each of these collection letters provided the following disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, DISCOVER BANK will not sue you for it. If you do not pay the debt, DISCOVER

3

BANK may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting."

12. Plaintiff, relying on Defendant's representation, believed the subject debt to be past any applicable statute of limitations, and thus refrained from making payment on the subject debt and otherwise ignored the collection efforts engaged in by Defendant.

13. However, in approximately June of 2022, Discover filed a collection lawsuit against Plaintiff in connection with the subject debt.

14. Upon information and belief, Defendant thus falsely, deceptively, and misleadingly informed Plaintiff that the subject debt was past any applicable limitations period, when in fact it remained within the applicable limitations period.

15. But-for Defendant's representation regarding the subject debt being past any applicable limitations period, Plaintiff would have made payment or otherwise attempted to address the subject debt so as to avoid any potential lawsuit or collection-litigation that may have come about.

16. Plaintiff suffered significant and concrete harm as a result of Defendant's conduct, including but not limited to emotional distress, out of pocket expenses, detrimental reliance on Defendant's representations, being subjected to collection litigation that would not have come about but-for Plaintiff's detrimental reliance on Defendant's representations, and numerous violations of his state and federally

4

protected interests to be free from deceptive and misleadingly collection conduct on the part of debt collectors.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on his own behalf and as a class action against Defendant on behalf of the following class:

> All persons, residing in the United States, to whom Defendant, in connection with its efforts to collect a debt from such persons ("subject debt"), represented that such subject debt was past any applicable statute of limitations period, when the subject debt was not past any applicable limitations period and which resulted in litigation in connection with the subject debt, within the year preceding the filing of this Complaint through he date of class certification.

18. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

19. Upon information and belief, the Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

20. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA and RFDCPA, particularly because they are based on a common course of conduct by Defendant.

21. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

22. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation, in particular cases involving the FDCPA and corresponding state statutes.

23. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendants. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA and RFDCPA by falsely representing the legal status of the subject debt(s) to Plaintiff and putative class members; and (ii) the type and amount of relief to which Plaintiff and putative Class members are entitled.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and is similarly a business whose principal purpose is the collection of debts.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§ 1692e, e(2)(A), and e(10) when it falsely, deceptively, and misleading informed Plaintiff and putative class members that the subject debt was past any applicable limitations period, when that was not the case. Plaintiff and putative class members detrimentally relied on Defendant's representations as they

7

took no action given Defendant's representations, only to be subjected to the precise action Defendant represented could not come about.

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly represented to Plaintiff and putative Class members that the subject debts were past the applicable limitations period, when that was not the case.

WHEREFORE, Plaintiff, RAYMOND E. MOLINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Award statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and,

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS
AGAINST DEFENDANT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

36. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

37. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

38. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

39. As outlined above, through its unlawful attempts to collect upon the subject debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant has engaged in a deceptive and unfair campaign of falsely and deceptively representing the legal status of consumer obligations in a manner that has caused significant harm to consumers across the country.

40. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, RAYMOND E. MOLINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

d. Costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Award any other relief as the Honorable Court deems just and proper.

Dated: July 26, 2022                    Respectfully submitted,

//s/Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
bwalker@sulaimanlaw.com